UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ORLANDO GILES                              CIVIL ACTION NO. 18-cv-1201

VERSUS                                     JUDGE FOOTE

LADRADO HUNTER, ET AL                      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Defendants removed this case based on an assertion of diversity jurisdiction, and their notice of removal alleged the citizenship of the parties. Plaintiff is alleged to be a citizen of Tennessee. The defendants are Ladredo Hunter (Texas), Hudson Specialty (Delaware and New York), Protective (Indiana), FXG (Delaware and Pennsylvania), and Becerra (Texas).

Great West Casualty Company has filed a Motion for Leave to Intervene (Doc. 30) to assert its subrogation rights pursuant to Louisiana Workers' Compensation laws. A complaint in intervention that seeks to assert a workers' compensation subrogation claim requires diversity between the intervenor (who is aligned as a plaintiff) and the defendants. Dushane v. Gallagher Kaiser Corp., 2005 WL 1959151 (W.D. La. 2005). Accordingly, it is important to know Great West's citizenship before deciding whether it should be allowed to intervene. If Great West shares citizenship with any of the defendants (Texas, Delaware, New York, Indiana, and Pennsylvania), it could destroy jurisdiction and require remand to state court.

Great West's proposed complaint in intervention alleges that it "is a Nebraska corporation licensed to do and doing business in the state of Louisiana." That is not sufficient to determine Great West's citizenship. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). Great West's proposed complaint in intervention does not appear to allege with specificity the state in which it has its principal place of business.

The court cannot determine from Great West's current motion whether granting leave for it to intervene would destroy subject matter jurisdiction. Accordingly, Great West's **Motion for Leave to File Complaint in Intervention (Doc. 30) is denied without prejudice**. Great West will be allowed until **May 21, 2019** to submit a new motion that sets forth appropriate facts regarding its citizenship.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of May, 2019.

Mark L. Hornsby
U.S. Magistrate Judge